## JOHN LEARY *vs.* EDMUND REAGAN.

Berkshire.    September 8. — 9, 1874.    MORTON & ENDICOTT, JJ.,
                                                absent.

An action was commenced in a police court in which the pleadings showed that the title to real estate was brought in question. The defendant claimed that the court had no jurisdiction, but neither party requested that the case should be removed to the Superior Court under the Gen. Sts. *c.* 120, § 13. The presiding judge thereupon ordered the defendant to remove the case to the Superior Court and to recognize with a surety to enter the case in that court. The defendant protested, but complied with the order, and in the Superior Court moved to dismiss the case for want of jurisdiction in that court, on the ground that the proceedings in the court below were void. *Held*, that this motion was rightly overruled.

TRESPASS brought in the Police Court of Williamstown. It appeared by the pleadings that the title to real estate was brought in question, and the defendant objected that the court had no jurisdiction. Neither party requested the removal of the case to the Superior Court; but the presiding judge of the Police Court ordered the defendant to remove it and to recognize with a surety therefor. The defendant protested against this order, but

recognized as ordered, and removed the case to the Superior Court; and at the term when it was entered moved to dismiss it "for want of jurisdiction in the court, because the proceedings of the court below in removing this action to the Superior Court were irregular and void and of no effect." This motion was overruled, and the defendant submitted to a default, and alleged exceptions to the ruling of the court on the motion to dismiss.

*A. G. Potter*, for the defendant.

*F. P. Browne*, for the plaintiff.

GRAY, C. J. The record shows that, although the defendant did not in so many words request to have the case removed from the Police Court to the Superior Court under the Gen. Sts. *c.* 120, § 13, he did so in substance and effect; for he not only objected to the jurisdiction of the Police Court, but he recognized to enter the action, and did enter it, in the Superior Court. If he did not wish to have the case removed, he had only to refuse so to recognize, and it would then have been the duty of the Police Court to hear and determine the case as if there had been no request to remove it; Gen. Sts. *c.* 120, § 14; and thus the same result would have been immediately attained, which would be the only effect of now sustaining his motion to dismiss from the Superior Court the action which he had himself entered there.

*Exceptions overruled.*